IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN STANLEY RODGERS                                                                PLAINTIFF

vs.                                    Civil No. 5:09-cv-05160

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

John Stanley Rodgers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 5).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed applications for SSI and DIB on October 30, 2006.  (Tr. 33, 74-76, 80-82). Plaintiff alleged he was disabled due to depression, anxiety, diabetes, hepatitis C, abdominal pain, chronic pain in his right arm and right leg due to broken bones and fractures, and a recent heart

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

attack. (Tr. 158). Plaintiff alleged an onset date of January 1, 1998.[2] (Tr. 33, 74). These applications were initially denied on January 24, 2007 and were denied again on reconsideration on May 10, 2007. (Tr. 26-29). On May 16, 2007, Plaintiff requested an administration hearing on his applications. (Tr. 56). This hearing was held on July 1, 2008 in Fayetteville, Arkansas. (Tr. 6-25). Plaintiff was present and was represented by counsel, Jeff Watson, at this hearing. *See id.* Only Plaintiff testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed the eleventh grade in high school. (Tr. 9).

On August 28, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 33-41). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 1998.[3] (Tr. 35, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1998. (Tr. 35, Finding 2). The ALJ determined Plaintiff had the following severe impairments: arthritis, diabetes mellitus, hepatitis C, and mood disorder. (Tr. 35-36, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 36-37, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 37-40, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his

---

[2] The ALJ based his decision on this alleged onset date. (Tr. 33-41). It appears, however, that Plaintiff amended his alleged onset date before the hearing to December of 2006. (Tr. 157). The ALJ acknowledged this change, but this change was not reflected in his opinion. (Tr. 10-11). It is unclear why this change was not reflected in the ALJ's opinion. Plaintiff's alleged onset date should have been December of 2006.

[3] This Court presumes the ALJ meant to state "January 1, 1998" instead of "June 30, 1998."

2

claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). This person can occasionally lift/carry 20 pounds and frequently 10. He can push/pull and operate hand controls within these same limitations. He can sit for 6 hours and can stand/walk for 6 hours. He can frequently handle, finger, climb, crawl, balance, stoop, and kneel. He is moderately limited in the ability to understand, remember, and carry out complex instructions, and respond appropriately to usual work situations and routine work changes. Moderately limited means there is more than a slight limitation, but the person can still perform in a satisfactory manner.

(Tr. 37, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff's PRW included work as a water well digger (very heavy, unskilled work). (Tr. 40). Based upon Plaintiff's RFC, the ALJ found Plaintiff would be unable to perform this PRW. *See id.* The ALJ did determine, however, that Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 40-41). The ALJ based this determination upon the testimony of the VE. (Tr. 40-41). In response to post-hearing interrogatory questions, the VE testified that a hypothetical person with Plaintiff's limitations could perform work as an assembly producer (7,185 such jobs in Arkansas and 505,000 in the nation), storage facility rental clerk (200 such jobs in Arkansas and 20,000 in the nation), and cashier (1,800 such jobs in Arkansas and 190,000 in the nation). (Tr. 41, 162-166). Based upon this testimony, the ALJ found Plaintiff had not been under a disability, as defined in the Act, from January 1, 1998 through the date of his decision or through August 28, 2008. (Tr. 41, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On May 22, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 3, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 2, 2009. (Doc. No. 5). Both parties have filed appeal briefs. (Doc. Nos. 8-9). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 8, Pages 1-15). Specifically, Plaintiff claims the ALJ erred by improperly (1) considering his impairments in combination, (2) analyzing his subjective complaints, (3) assessing his RFC, and (4) developing the record. *See id.* In response, Defendant

argues that the ALJ properly considered the combined impact of Plaintiff's impairments, properly assessed Plaintiff's subjective complaints, properly evaluated Plaintiff's RFC, and properly developed the record. (Doc. No. 9, Pages 1-20). Because this Court finds the ALJ improperly evaluated his subjective complaints, this Court will address this issue and not the other issues Plaintiff raised for reversal.[4]

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[4] As fully explained later in this opinion, this Court will also address the issue of whether the ALJ based his decision upon the proper alleged onset date. Although Plaintiff did not specifically raise this argument for reversal, this Court raises it *sua sponte.*

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused almost entirely upon Plaintiff's medical records and stated the following:

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(Tr. 37-40). While it is true that Plaintiff's subjective complaints may not be fully supported by his medical records, this fact does not relieve the ALJ of his responsibility to follow the requirements of *Polaski*. *See Polaski,* 739 F.2d at 1322. Accordingly, because the ALJ's lack of analysis is insufficient under *Polaski*, this case must be reversed and remanded for further consideration consistent with *Polaski.*

In addition to further considering Plaintiff's subjective complaints pursuant to *Polaski*, the ALJ is also directed to re-evaluate Plaintiff's alleged disability based upon his amended onset date of December of 2006. (Tr. 10-11). The ALJ based his decision upon the fact that Plaintiff's original onset date was *January 1, 1998* and did not acknowledge that his onset date had been amended to December of 2006. (Tr. 10-11, 33-41). This mistake caused the ALJ's opinion–including his assessment of Plaintiff's age on his alleged onset date–to be inaccurate. For example, in his opinion, the ALJ found Plaintiff was forty-three (43) years old on his alleged onset date and was classified as a "younger persaon" pursuant to 20 C.F.R. § 404.1563(c). (Tr. 40, Finding 7). With Plaintiff's amended onset date of December of 2006, however, Plaintiff would have been fifty-two (52) on his alleged onset date and would have been classified as a "person closely approaching advanced age" pursuant to 20 C.F.R. § 404.1563(d).

Accordingly, the ALJ is directed to do the following on remand:

1. Further evaluate Plaintiff's subjective complaints pursuant to the dictates of *Polaski*.

2. Re-evaluate Plaintiff's alleged disability in light of his amended onset date.

The ALJ is reminded that this remand is ordered for the purpose of permitting the ALJ the opportunity to comply with this Court's Order. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED** this **13th day of May, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE